IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTHONY ROSHON ROBERTS, SR., )
)
      Plaintiff, )
)
)   CIV-10-1392-M
v. )
)
ROBIN ROOF, et al., )
)
      Defendants. )

## REPORT AND RECOMMENDATION

Plaintiff, a state prisoner appearing *pro se* and *in forma pauperis*, brings this cause of action pursuant to 42 U.S.C. § 1983. The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. §636(b)(1)(B). Before the undersigned are four motions filed by Plaintiff in this action. In Plaintiff's motions filed February 7, 2011 (Doc. # 20), February 11, 2011 (Doc. # 22), and February 23, 2011 (Doc. # 25), Plaintiff seeks relief in the form of a temporary restraining order ("TRO") or preliminary injunction. In Plaintiff's motion filed February 25, 2011 (Doc. # 29), Plaintiff asks for "Assistance from this Honorable Court" but does not identify any recognizable procedural basis for his motion. However, in this motion Plaintiff is again seeking relief in the form of a TRO or preliminary injunction.

The purpose of a TRO is "to preserve the status quo" pending a determination of a preliminary injunction. Fed. R. Civ. P. 65(b); <u>Lundgrin v. Claytor</u>, 619 F.2d 61, 63 (10th Cir.

1

1980). "To obtain a preliminary injunction, the movant must show: (1) a substantial likelihood of success on the merits; (2) irreparable harm to the movant if the injunction is denied; (3) the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) the injunction, if issued, will not adversely affect the public interest." Gen. Motors Corp. v. Urban Gorilla, L.L.C., 500 F3.d 1222, 1226 (10th Cir. 2007). A preliminary injunction is an "extraordinary remedy," and therefore "the right to relief must be clear and unequivocal." SCFC ILC, Inc. v. Visa USA, Inc., 936 F.2d 1096, 1098 (10th Cir. 1991). Where, as here, the movant seeks a "specifically disfavored" injunction, e.g., one that operates as a mandatory rather than prohibitory injunction, he bears a "heightened burden" of showing that "the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course." O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 975 (10th Cir. 2004)(*en banc*)(*per curiam*), *aff'd and remanded*, 546 U.S. 418 (2006). Thus, Plaintiff must "make a strong showing both with regard to the likelihood of success on the merits and with regard to the balance of harms . . . ." Id. at 976.

Plaintiff's Complaint names four Defendants, including Cimarron Correctional Facility ("CCF") Warden Taylor, Defendant Roof, who is identified as the "Head Nurse" at CCF, Defendant Inks, who is identified as a "mental health doctor" who provides treatment for inmates at CCF, and Defendant Thomas, who is identified as a psychiatrist who provides treatment for inmates at CCF. In counts one and two, Plaintiff alleges that Defendants have shown deliberate indifference to his serious medical needs, cruel and unusual punishment, excessive force, and retaliation in violation of the Eighth Amendment. The claims relate to

the dispensation of Plaintiff's psychotropic medication. In count three, Plaintiff again alleges that Defendants showed deliberate indifference to Plaintiff's medical needs with respect to the dispensation of his psychotropic medication and a medical diagnosis. In count four, Plaintiff alleges that his grievances were not answered and that Defendants retaliated against him for filing grievances by placing him in a mental health observation unit for several hours.

In his initial Motion for Injunctive Relief (Doc. # 20), Plaintiff seeks an injunction directing Defendants to "cease with the crushing of [his] medication" although the medication he alleges is being "crushed" is not the same medication that he alleges was improperly dispensed to him in his Amended Complaint. Plaintiff also alleges that he does not have adequate access to a law library or legal assistance. However, this claim is not made in his Amended Complaint. Plaintiff further seeks injunctive relief concerning the conditions of his confinement at CCF. In this regard, Plaintiff seeks an injunction directing Defendant Taylor to "provide inmates with a 'weather shield' over the recreation area," "provide inmates with intercoms in the cells in the case of a medical emergency," "remove the 'curtains' from the cell door windows," "cease in the use of staff or himself to retaliate and punish inmates for exercising their constitutional rights," and "provide inmates with warmth during cold weather." No similar allegations or claims concerning the conditions of his confinement are asserted in the Amended Complaint. Plaintiff's subsequent motions for a TRO and preliminary injunction (Docs. # 22, 25) merely request that his initial motion for a preliminary injunction be granted. In his "Motion for Assistance from this Honorable Court" (Doc. # 29), Plaintiff alleges he is being "harassed and retaliated against by the prison

3

officials" at Cimarron Correctional Facility since the filing of his complaint in this action.

"A preliminary injunction is . . . appropriate to grant intermediate relief of the same character as that which may be granted finally." De Beers Consol. Mines v. United States, 325 U.S. 212, 220 (1945). However, Plaintiff's motions seek injunctive relief on matters "lying wholly outside the issues in [his] suit." Id. Moreover, Plaintiff has not demonstrated a substantial likelihood that he will prevail on the merits of his claims, that the balance of harms favors the granting of injunctive relief, or that the injunction would not be contrary to the public interest. Therefore, his requests for a TRO and preliminary injunctive relief should be denied.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Motion for Order for Injunctive Relief (Doc. # 20), Motion Requesting the Order of a Temporary Restraining Order (Doc. # 22), Motion Requesting Court to Grant his Temporary Restraining Order and his Preliminary Injunction (Doc. # 25), and his Motion for Assistance from this Honorable Court (Doc. # 29) be DENIED. Plaintiff is advised of the right to file an objection to this Report and Recommendation with the Clerk of this Court by ___April 27th___, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Report and Recommendation partially disposes of the issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this  7th  day of   April  , 2011.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE