IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTHONY ROSHON ROBERTS, SR., )
)
    Plaintiff, )
)
)   CIV-10-1392-M
v. )
)
ROBIN ROOF, et al., )
)
    Defendants. )

## SECOND SUPPLEMENTAL REPORT AND RECOMMENDATION

On May 26, 2011, Plaintiff filed a Motion for Rehearing and Brief in Support in which he seeks a "rehearing" of his claims. In an Order entered May 18, 2011, Defendants Inks, Roof, and Taylor's Motion to Dismiss the action against them was granted and the claims against these Defendants were dismissed due to Plaintiff's failure to exhaust administrative remedies. (Doc. # 52). Plaintiff's Motion for Rehearing, construed as a motion to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, should be denied.

"Grounds warranting a motion to reconsider include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). "Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." Id. In his motion to

1

reconsider, Plaintiff reasserts the arguments he presented in his responses to Defendants' Motion to Dismiss (Docs. # 43 and # 44) and in his objection (Doc. # 49) to the Supplemental Report and Recommendation entered by the undersigned.[1] Plaintiff also asserts that the dismissal of his claims for failure to exhaust administrative remedies conflicts with the Tenth Circuit Court of Appeals' decision in Little v. Jones, 607 F.3d 1245 (10th Cir. 2010), an argument that Plaintiff did not make in his previous pleadings and objection. Because Plaintiff merely "revisit[s] issues already addressed" or presents "arguments that could have been raised in prior briefing," Plaintiff's motion to reconsider should be denied. Servants of Paraclete, 204 F.3d at 1012.

To the extent Plaintiff asserts that this Court misinterpreted or misapplied the Little decision, this argument is without merit. As the court stated in Little, Oklahoma DOC's grievance procedure does not give the Administrative Review Authority the ability to return an appeal unanswered when the appeal raises multiple issues. Little, 607 F.3d at 1250. In this case the grievance appeals submitted by Plaintiff were rejected because (1) he submitted one grievance appeal to the wrong Administrative Review Authority and (2) he submitted a second grievance appeal concerning a grievance that had not been properly submitted first to the warden. The Administrative Review Authority did not exceed its authority in refusing to consider the merits of Plaintiff's improperly-filed grievance appeals.

---

[1] Plaintiff even admits that he is asserting the same claim "as stated in Plaintiffs' [sic] responsive pleading . . . ." Plaintiff's Motion, at 4.

RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's Motion for Rehearing (Doc. # 54) be DENIED. Plaintiff is advised of the right to file an objection to this Second Supplemental Report and Recommendation with the Clerk of this Court by     June 21st , 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Second Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Second Supplemental Report and Recommendation partially disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this   1st   day of    June   , 2011.

/s/ Gary M. Purcell
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE