IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANTHONY ROSHON ROBERTS, SR., )
                                                      )
       Plaintiff,           )
                                                      )
                                                      )      CIV-10-1392-M
v.                                                 )
                                                      )
ROBIN ROOF, et al.,         )
                                                       )
      Defendants.         )

THIRD SUPPLEMENTAL REPORT AND RECOMMENDATION

In the Order entered June 9, 2011, the undersigned found that Plaintiff had shown good cause for his failure to serve Defendant Thompson with process on or before that date and Plaintiff was granted an extension of time until July 8, 2011, to serve Defendant Thompson with process. (Doc. # 58). Plaintiff was expressly advised in the Order that he must "promptly submit the necessary service papers to the Clerk of the Court for alias (second) summons upon Defendant Thompson and make a reasonable effort to provide an accurate address for Defendant Thompson on the summons papers in order to enable the USMS to effect service within the extended period of time." The Court's record shows that Plaintiff did not comply with the Order by submitting alias summons papers to the Court Clerk, and the extended time given Plaintiff in the Order to effect service of process upon Defendant Thompson has expired. Plaintiff has not sought a further extension of time to serve Defendant Thompson, and Plaintiff has not shown good cause for his failure to serve

1

Defendant Thompson on or before July 8, 2011.[1]

Notwithstanding the absence of a showing of good cause for the failure to timely serve Defendant Thompson, the Court must still consider whether a permissive extension of time to complete service of process is warranted. See Espinoza v. United States, 52 F.3d 838, 841 (10th Cir. 1995). Three factors are relevant to this inquiry: (1) the statute of limitations; (2) possible complications involving service on the United States; and (3) evasion of service. Id. at 842.

The statute of limitations for purposes of § 1983 actions begins to run when the cause of action accrues according to federal law. Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir. 1998). "A civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Baker v. Board of Regents, 991 F.2d 628, 632 (10th Cir. 1993). In a § 1983 action, the injury is the constitutional violation, and hence the § 1983 claim accrues "when the plaintiff knows or should know that his or her constitutional rights have been violated." Smith, 149 F.3d at 1154 (quotation omitted).

The statute of limitations governing Plaintiff's §1983 cause of action is two years.

---

[1] Plaintiff filed a notice of change of address on July 6, 2011 (Doc. # 69), in which he stated that he had been transferred to another correctional facility and he requested "the proper paperwork and forms in order to serve Defendant A. Thompson . . . ." Prisoners are transferred between facilities for any number of reasons, and Plaintiff waited until two days before the extended time period expired to express any interest in effecting service upon Defendant Thompson. Neither Plaintiff's transfer to another facility or his belated request for service papers show good cause for his failure to serve Defendant Thompson with process during the four-week extended period of time he was given to effect service of process upon Defendant Thompson.

Meade v. Grubbs, 841 F.2d 1512, 1522 (10th Cir.1988) (statute of limitation for §1983 claims arising in Oklahoma is two years). Plaintiff's § 1983 action accrued on the date he became aware of his injury, which is, at the earliest, October 17, 2010, when Plaintiff alleges in his Amended Complaint that he began to experience adverse side effects from his prescribed anti-depressant medication and submitted a Request to Staff complaining about this issue. Accordingly, if the cause of action against Defendant Thompson is dismissed without prejudice for failure to effect service of process upon this Defendant, another cause of action based on the same allegations would not be barred by the applicable statute of limitations until October 2012. Moreover, there are no complicated service procedures associated with service upon the United States in this matter, and there is no indication of evasion of service by Defendant Thompson. Under these circumstances, a permissive extension of time to effect service of process upon Defendant Thompson is not warranted.

Because the extended period of time for effecting service of process upon Defendant Thompson pursuant to Fed.R.Civ.P. 4(m) has expired, and because Plaintiff has not shown good cause for his failure to effect timely service of process on this Defendant nor are there circumstances justifying a permissive extension of time to effect service of process on this Defendant, the cause of action should be dismissed without prejudice as to Defendant Thompson.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that Plaintiff's cause of action

against Defendant Thompson be DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 4(m). Plaintiff is advised of the right to file an objection to this Third Supplemental Report and Recommendation with the Clerk of this Court by ____August 11th____, 2011, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Third Supplemental Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived.").

This Third Supplemental Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this __22nd__ day of __July__, 2011.

GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE